IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELVIN MANUEL NUNEZ, § | |
|     Petitioner, § | |
| § | |
| v. § | No. 3:20-cv-00332-E (BT) |
| § | |
| § | |
| LORIE DAVIS-DIRECTOR TDCJ-CID, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Melvin Manuel Nunez, who is confined in the Dallas County Jail, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Court should dismiss the petition under the *Younger* abstention doctrine.

I.

Nunez is charged with aggravated sexual assault of a child in cause number F-16-76730. He states he is innocent of the charge, "they want him to take a false charge," and he wants the Court to "look into" his case. Pet. at 9-10 (ECF No. 3). The Court has not issued process pending judicial screening.

II.

Nunez's petition should be dismissed under the *Younger* abstention doctrine. Under this doctrine, a federal court should abstain from exercising its jurisdiction when doing so would interfere with an ongoing state criminal

1

proceeding, except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Younger v. Harris*, 401U.S. 37, 45 (1971). For *Younger* to apply, three conditions must be satisfied: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

  The circumstances here meet all three *Younger* conditions. Nunez's criminal case is currently pending. Any investigation or determination by this Court regarding Nunez's guilt or innocence would interfere with the state criminal proceedings. The State of Texas "has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984); *see also Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86 (5th Cir. 1992) ("Under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."). Nunez has a full opportunity to raise his constitutional challenges in the Texas state courts. *See DeSpain*, 731 F.2d at 1178 (stating "the federal plaintiff must show he had no *opportunity* to litigate the federal issue in state court."). Finally, this case does not fall within the very narrow

category of "extraordinary" cases in which federal relief against a pending state prosecution would be warranted. *See Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975). The petition should therefore be dismissed.

III.

Nunez's petition should be dismissed without prejudice under the *Younger* abstention doctrine.

Signed April 21, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).